**HEFNER, STARK & MAROIS, LLP**
Howard S. Nevins (CA Bar Assn. No. 119366)
Aaron A. Avery (CA Bar Assn. No. 245448)
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833-3883
Telephone: (916) 925-6620
Fax No: (916) 925-1127
Email: hnevins@hsmlaw.com

Attorneys for
KIMBERLY J. HUSTED,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### (Sacramento Division)

| | |
|---|---|
| In re<br><br>GARY DEAN CAMPBELL and<br>DEBRA LYNN CAMPBELL,<br><br>Debtors. | Case No.: 13-32529-B-7<br><br>DC No.: HSM-004<br><br>Date: February 25, 2014<br>Time: 9:32 am<br>Place: 501 I Street<br>Sacramento, CA<br>Ctrm. 32, 6th Flr.<br>Judge: Hon. Thomas C. Holman |

### TRUSTEE'S MOTION FOR ORDER APPROVING THE SALE OF ESTATE ASSETS

KIMBERLY J. HUSTED, the duly appointed Chapter 7 Trustee ("Trustee") in the pending bankruptcy case of GARY DEAN CAMPBELL and DEBRA LYNN CAMPBELL (the "Debtors"), Case No. 13-32529-B-7, files this Trustee's Motion for Order Approving the Sale of Estate Assets (the "Motion"), and in support thereof represents as follows:

1. This case was filed as a voluntary Chapter 7 case on September 26, 2013. The Trustee was appointed as Chapter 7 Trustee on September 26, 2013, and continues to serve in that capacity.

2. Jurisdiction for the filing of this Motion exists pursuant to 28 U.S.C. sections 157 and 1334; 11 U.S.C. section 363; Federal Rule of Bankruptcy Procedure 6004; and the reference to this court by the District Court for the Eastern District of California.

3. The Assets that are the subject of this Motion consist of the Estate's interest in all tangible personal property assets (collectively, the "Sale Assets") owned by the Debtor in connection with the Debtors' retail business commonly known as "Fragrance Outlet." The Sale Assets, as listed on the Debtors' Amended Schedule B, filed October 23, 2013, are as follows:

    a. Office furniture (listed at Item No. 28 on Amended Schedule B, with a scheduled value of $150.00);

    b. Fixtures and Equipment (listed at Item No. 29 on Amended Schedule B, with a scheduled value of $250.00);

    c. Inventory (listed at Item No. 30 on Amended Schedule B, with a scheduled value of $3,000.00).

4. On Debtors' Amended Schedule C filed on October 23, 2013, the Debtors claimed the total value of the Sale Assets as exempt from administration by the Estate. The Trustee filed a Motion for Order Extending Deadline for Trustee to File Objections to Debtors' Claims of Exemptions on December 31, 2013. By Order dated January 29, 2014, the Court granted such motion extending the deadline regarding same to April 2, 2014. (Docket No. 66)

5. As set forth herein, the Trustee requests authorization to sell the Estate's interest in the Sale Assets for the sum of $10,000.00 ("Purchase Price"), and approval of a related Purchase and Sale Agreement for Certain Store Assets ("Agreement"), entered into between the Trustee and the Debtors. A true and correct copy of the Agreement is attached as Exhibit "A" to the Exhibits Cover Sheet filed herewith.

**Terms of Sale of Sale Assets**

6. The terms of the Agreement are as follows:

    a. Subject to overbidding, the Purchase Price for the Sale Assets shall be Ten Thousand Dollars ($10,000.00) (the "Purchase Price").

    b. If the Debtors are approved as the buyers of the Sale Assets and/or if any overbidding occurs and the Debtors are the successful bidder of the Sale Assets, then Debtors shall pay the balance of the Purchase Price (or its highest bid pursuant to any overbidding thereon) in monthly installment of $1,600.00, with the installment due on or before ten days

HEFNER, STARK & MAROIS, LLP
Sacramento, California

following the filing of the court order approving this Motion, and continuing every calendar month thereafter until the Purchase Price or the Debtors' highest bid thereon, if applicable) is paid in full.

  c. The Buyer has delivered to the Trustee a deposit in the amount of $2,000.00 (the "Deposit") as a deposit against the Purchase Price. The Deposit shall be non-refundable, subject to court approval of this Motion and Trustee's transfer of the Sale Assets. Trustee will hold the Deposit until the hearing on this Motion and shall credit the Deposit against the Purchase Price if Buyer is the successful Buyer at the conclusion of the hearing on the Motion. If Buyer fails to consummate the purchase or otherwise breaches its obligations and/or covenants to the Trustee, the Deposit shall be non-refundable and shall be retained by the Trustee on behalf of the Estate.[1]

  d. If Debtors fail to pay any installment when due and do not cure such failure within three (3) business days after receipt of written notice from the Trustee of such failure, the Trustee may demand that the entire outstanding amount be paid in full, with interest accruing thereon at the rate of Ten Percent (10%) per annum on the full outstanding amount from the date of such delinquent installment until receipt of the full amount due.

  e. The Trustee shall sell the Sale Assets to Debtors, and Debtors shall acquire the Sale Assets from the Estate in accordance with the terms of the Agreement. Trustee makes no representations or warranties regarding the condition or transferability of the Sale Assets or any components thereof. The Sale Assets are being sold "AS IS", "WHERE IS", and "WITH ALL FAULTS," subject to any and all liens or encumbrances. Debtors shall be solely responsible for all taxes, licenses, charges or fees due or owing in connection with the Sale Assets or which become due and owing in connection with the transfer thereof to Debtors and for complying with and satisfying any and all laws, rules and regulations associated with the transfer of the Sale Assets to Debtors.

---

[1] The Trustee notes that the Debtors also have commenced making the monthly installment payments of $1,600.00 under the Agreement. To date, the Trustee has received the January, 2014 payment.

HEFNER, STARK & MAROIS, LLP
Sacramento, California

\\hsmsrv2\clients\Husted, Kimberly\Campbell, Gary & Debra (7830-0024)\Pldg Trustee (hsm-04) Sale Assets\pldg mtn sale prop mtn.wpd

      f.      Buyer shall be responsible for any and all fees and taxes associated with the Sale Assets themselves or arising from the sale transaction, including without limitation, any outstanding delinquent taxes that may encumber the Sale Assets and any taxes or fees associated with the transfer of the Sale Assets to Buyer.

      g.      Upon entry of the court order approving the sale of the Sale Assets to Debtors and receipt of the first installment of the Purchase Price from Debtors (or receipt of the full Purchase Price from any successful overbidder thereon), the Trustee shall transfer the Sale Assets to Debtors (or successful overbidder) pursuant to a Bill of Sale, without any warranties or representations and on an "AS IS" basis as described above. Until the Purchase Price is paid in full, the Trustee may file a UCC-1 against the Sale Assets to take a security interest in the Debtors' obligation to pay the Purchase Price for the Sale Assets.

      h.      As additional consideration for the Agreement and for the exemption claims credit allowed hereunder in the case of overbidding, if Debtors are approved as the buyer of the Sale Assets, Debtors shall be deemed to have waived any claims of exemptions with respect to the Sale Assets and the Estate shall be entitled to all the proceeds of the Purchase Price paid by Debtors hereunder in connection with their purchase of the Sale Assets.

      i.      The parties agree that each is to bear his, her or its own individual attorney's fees and costs arising from or associated with the matters resolved through the Agreement and in connection with the drafting, negotiation and implementation of the Agreement. In the event that either party to the Agreement attempts to set aside or enforce the Agreement, or brings any action for breach, the prevailing party shall be entitled to his, her or its reasonable attorneys' fees and expenses.

      j.      The proposed sale of the Sale Assets on the terms and conditions set forth in this Motion is subject to bankruptcy court approval through the granting of this Motion.

**Benefits of Sale to Estate**

7.      The Trustee has independently inspected the Sale Assets. Based on such inspection, the Trustee has concluded that the purchase price of $10,000.00 is a fair price for

4

the Sale Assets. The Trustee ascertained that the Debtors' business, to which the Sale Assets relate, is a small "mom and pop" business with uncertain value. While the Trustee believes she could possibly obtain a buyer willing to purchase the Sale Assets for a greater sum, it is also possible that no other buyers would materialize. Moreover, the delays in seeking a third party buyer would cause the Estate to incur greater administrative expenses, which it is unable to incur in this case.

8. The proposed sale will enable the Trustee to recover value to the Estate for the benefit of the creditors thereof and eliminate any potential costs associated with any storage or maintenance of the Sale Assets.

9. Based upon her and her Counsel's independent investigations, the Trustee has concluded that the Sale Assets are not subject to any known liens.

10. The Trustee previously explored the potential for conducting an auction of the Sale Assets, but based on the costs to conduct any such auction, the nominal Purchase Price offered for the Sale Assets, and the fact that overbidding at the hearing may generate additional proceeds, the Trustee is satisfied that the best and highest net recovery is likely to be achieved from selling the Sale Assets pursuant to the proposed sale and overbidding procedures set forth in this Motion.

11. The Trustee believes that the sale of the Assets, on the terms set forth in this Motion, is fair and reasonable, and in the best interest of the Estate and its creditors.

**Overbidding Qualification and Procedure**

12. The Trustee proposes that any persons or entities wishing to bid on the Sale Assets be required to first become a qualified overbidder ("Qualified Overbidder") in the manner set forth below, prior to the commencement of the hearing on the Motion. Any person or entity wishing to become a Qualified Overbidder must deliver to the Trustee a non-refundable deposit in the amount of $2,000.00 (the "Overbidder Deposit"), in the form of a cashier's check or money order made payable to "Kimberly J. Husted, Chapter 7 Trustee of the GARY DEAN CAMPBELL and DEBRA LYNN CAMPBELL Bankruptcy Estate," which will be applied to the purchase price for the Sale Assets if the overbidder is the successful

purchaser following the hearing on the Motion. If the successful overbidder fails to consummate the sale or otherwise breaches its covenants to the Trustee and the Estate, the Overbidder Deposit shall be non-refundable and shall be retained by the Estate as liquidated damages.

13. The Trustee proposes that the initial overbid be $14,000.00 (representing $600.00 above the amount of the Purchase Price plus the full amount of Debtors' exemption claims related to the Sale Assets), with additional bid increments of $250.00 thereafter, and (ii) that Debtors be credited in any such overbidding by the full value of their exemption claims of $3,400.00. The parties acknowledge that the Court may decide to discount the value for the Debtors' exemption claims in determining the initial overbid amount, in which case the Court may elect to revise the proposed overbidding procedure and the initial overbid amount at the hearing on the Motion to approve the Agreement, particularly if any third party expresses an interest prior to or at the hearing to bid on the price for the Sale Assets.

14. If no overbids for the Sale Assets are made at the hearing on this Motion, or if Buyer is the highest bidder for the Sale Assets at the hearing on the Motion, then the Purchase Price shall be equal to Debtors' uncontested initial bid of $10,000.00, or Debtors' highest bid on the Sale Assets, net of the credit for the Debtors' exemption claims thereon of $3,400.00 in the case of overbidding (or such applicable amount thereof as allowed by the Court).

15. If Debtors are outbid at any hearing, the Debtors' agreement hereunder to purchase the Sale Assets (at the greater of the Purchase Price or the highest bid made by Debtors at the hearing thereon) shall continue and remain valid as a back-up offer in case the successful overbidder breaches its agreement to purchase the Sale Assets. Upon any such breach or failure to close by the successful overbidder(s) to purchase the Sale Assets, Debtors shall be obligated to purchase the Sale Assets on the terms as provided herein or its highest bid thereon (net of their exemption claims credit in the overbidding context) upon receipt of written notice from the Trustee of such breach or failure to close by the successful overbidder(s).

\\hsmsrv2\clients\Husted, Kimberly\Campbell, Gary & Debra (7830-0024)\Pldg Trustee (hsm-04) Sale Assets\pldg mtn sale prop mtn.wpd

16. If the Debtors are outbid at the hearing and the successful overbidder completes its purchase of the Sale Assets, then the Agreement shall be deemed terminated, the Deposit shall be returned to Debtors, and Debtors shall retain any and all exemption claims with respect to the Sale Assets. The Trustee shall have the right to agree to extend the time for closing any sale with the successful overbidder, as deemed reasonably necessary and appropriate by the Trustee.

**WHEREFORE,** the Trustee respectfully requests the Court enter an order authorizing her to: 1) sell the Sale Assets to Buyer on the terms and conditions set forth in this Motion or, alternatively, to the successful Qualified Overbidder at the hearing on the Motion, on the terms and conditions approved by the Court; 2) sell the Sale Assets on an "as is," "where is," and "with all faults," basis, with no representations or warranties, express or implied, with respect to the Sale Assets; 3) require the purchasers of the Sale Assets to be responsible for any and all sales, transfer, use or other taxes, or other fees due, incurred, or owing in connection with the Sale Assets, or due, incurred, or owing in connection with the sale thereof; 4) sign and deliver the Bill of Sale and any and all other documents that may be appropriate and/or necessary to consummate the sale; 5) retain as funds of the Estate all net sale proceeds for subsequent distribution in accordance with the Bankruptcy Code and orders of the Court; and 6) for such other and further relief as the Court deems reasonable and proper.

The Trustee further requests that the Court waive application of Federal Rule of Bankruptcy Procedure 6004(h) so that the Trustee may promptly consummate the sale to Buyer or other successful Qualified Overbidder.

Dated: February 3, 2014

HEFNER, STARK & MAROIS, LLP

By *Howard S. Nevins*
Howard S. Nevins, Attorneys for
KIMBERLY J. HUSTED, Chapter 7 Trustee

\\hsmsrv2\clients\Husted, Kimberly\Campbell, Gary & Debra (7830-0024)\Pldg Trustee (hsm-04) Sale Assets\pldg mtn sale prop mtn.wpd